(126 So. 861)

### KILLGORE v. COLE.

5 Div. 33.

Supreme Court of Alabama.
Jan. 16, 1930.

Rehearing Denied April 3, 1930.

Denson & Denson, of Opelika, for appellant.

E. Herndon Glenn, of Opelika, for appellee.

BOULDIN, J.

The bill is to enjoin the maintenance of an alleged private nuisance created by obstruc-

tion of the natural flow of waters to complainant's injury.

The parties are owners of adjoining farm lands. Complainant owns the upper and respondent the lower or servient lands. Both tracts are traversed and drained by Robinson branch, a small stream through a hill country, with small stretches of bottom lands lying along and adjacent to the stream.

In 1925, respondent, Cole, erected a dam impounding the waters on his own lands, forming a lake for fishing purposes. It appears the site of the dam is about half a mile below the line. The lake, as first formed, covered some 26 acres. The complaint is not that the waters of the lake extend up to the line covering any portion of complainant's farm lands, but that it backs up and eddies in the channel of the stream to and beyond the line, impeding the flow, causing the channel to fill up in time of freshets, to increase the overflow of the banks at such times, and to cause drain ditches to fill up.

Complainant has some 12 acres of bottom land running down to the line, which is alleged to be injured by obstruction of the drainage and by washing the soil from increased overflows.

The respondent by answer denies such results, and further alleges that such nuisance, if any there was, has been abated by lowering the level of the water since the bill was filed and after conference with complainant, and there is no need for injunctive relief.

The issue is one of fact. We have considered the evidence with care. It reasonably appears the dam was built and maintained until the autumn of 1927 with the acquiescence of the owner, Mrs. Ford, if not under license from her husband, managing the same as her agent. 1926 and 1927, according to the evidence, were rather dry seasons, and neither injury to crops nor filling up of the channel during that period is shown.

Complainant, Killgore, acquired possession in the fall of 1927, on foreclosure of a mortgage given by the Fords.

There were heavy rains during the season of 1928. We conclude from the evidence that as first constructed the water was backed up and eddied in the channel of the branch some distance above the line; that this worked some actual or threatened injury to complainant as to some 1½ acres of his lands.

But it sufficiently appears the respondent undertook to remedy this situation by lowering the level of his lake, and finally reducing its area to some 15 acres. Whether this was adequate to abate the nuisance is the chief point of controversy.

The evidence is in conflict, but much of this may be occasioned by the time observation was taken by the different witnesses.

No exact levels or other measurements were taken by either side.

Without going into the details of the evidence, we conclude that, by successive lowerings of the dam and spillway, the body of the lake at the upper end was withdrawn 200 to 300 yards from the land line in ordinary stages, that the flow of water in the channel is unobstructed at the land line, and that no substantial injury results to complainant by its maintenance in that condition as ordered by the trial court, who dismissed the bill and divided the costs.

We are not convinced there was error in his decree.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.